IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KATHERINE KELLY                                                                PLAINTIFF

v.                         CASE NO. 4:24-CV-01001-BSM

UNITED STATES PARCEL SERVICE, INC.
and KENT HARDY                                                                 DEFENDANTS

## ORDER

Kent Hardy's motion for judgment on the pleadings [Doc. No. 26] is granted. United Parcel Service's (UPS) motion for judgment on the pleadings [Doc. No. 24] is granted on Katherine Kelly's claims of age discrimination, disability discrimination, and outrage. UPS's motion is denied on Kelly's sex discrimination and retaliation claims under the Arkansas Civil Rights Act (ACRA).

## I. BACKGROUND

Kelly is suing her employer, UPS, and her supervisor, Hardy, for discrimination, retaliation, and the tort of outrage. Compl. ¶¶ 40–80, Doc. No. 2. Hardy and UPS are moving for judgment on the pleadings. Doc. Nos. 24 and 26.

Kelly alleges that Hardy and UPS continuously discriminated and retaliated against her throughout her employment. She states that, after she filed numerous workplace complaints and charges with the Equal Employment Opportunity Commission (EEOC), Hardy overburdened her with extra tasks, forced her to work extra hours, disqualified her from driving, harassed her, insulted her, and then fired her. Compl. ¶¶ 32–33, 69–70. After she was reinstated, Hardy continued discriminating and retaliating against her. *Id.* ¶¶ 35–36.

Moreover, UPS paid her $12 less per hour than it paid her male coworkers and she suffered from excessive surveillance, punitive measures, and harassment. *Id.* ¶¶ 35, 37–39.

## II. LEGAL STANDARD

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is "appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." *Greenman v. Jessen*, 787 F.3d 882, 887 (8th Cir. 2015). Rule 12(c) motions for judgment on the pleadings are analyzed similarly to Rule 12(b)(6) motions for failure to state a claim. *See Haney v. Portfolio Recovery Assocs., L.L.C.*, 895 F.3d 974, 981 (8th Cir. 2016). To overcome a 12(c) motion, the facts alleged in the complaint must create a "reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although detailed factual allegations are not required, threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, are not sufficient. *Id.* Materials embraced by the pleadings, as well as exhibits attached to the pleadings, and matters of public record may be considered. *Zean v. Fairview Health Servs.*, 858 F.3d 520, 526 (8th Cir. 2017).

## III. DISCUSSION

Hardy's motion for judgment on the pleadings is granted. UPS's motion for judgment on the pleadings is granted on Kelly's claims of age discrimination, disability discrimination, and outrage. UPS's motion is denied on Kelly's sex discrimination and retaliation claims.

    A.    <u>Hardy</u>

Hardy's motion for judgment on the pleadings is granted.

*1. Arkansas Civil Rights Act*

Kelly's discrimination and retaliation claims against Hardy are dismissed because Hardy is not an "employer," and therefore is not individually liable under the ACRA. *See* Ark. Code Ann. §§ 16-123-102 and 107; *Smith v. City of Forrest City*, No. 2:20-CV-12-DPM, 2021 WL 4953276 at *1 (E.D. Ark. Oct. 25, 2021) ("Supervisors cannot be held individually liable under . . . the anti-discrimination provisions of the ACRA.").

*2. Outrage*

Kelly's outrage claim is dismissed because Hardy's conduct does not meet the standard required of an outrage claim. *See Key v. Coryell*, 185 S.W.3d 98, 105 (Ark. Ct. App. 2004) (conduct must be extreme and beyond all possible bounds of decency); *Ingram v. Pirelli Cable Corp.*, 747 S.W.2d 103, 105 (Ark. 1988) (conduct that is petty, insulting, and less than one might expect from a manager is not outrageous); *Cincinnati Life Ins. Co. v. Mickles*, 148 S.W.3d 768, 775 (Ark. Ct. App. 2004) (rude, aggressive, hateful, rumor-mongering, profane, and name-calling behavior does not create an outrage claim).

B.   <u>UPS</u>

UPS's motion for judgment on the pleadings is granted in part and denied in part.

*1. Age Discrimination*

Kelly's age discrimination claim against UPS is dismissed because the ACRA does not apply to age discrimination. *See* Ark. Code Ann.§ 16-123-107(a); *Morrow v. City of Jacksonville, Ark.*, 941 F. Supp. 816, 826 (E.D. Ark. 1996) (age is not on the list of ACRA protected groups).

3

*2. Disability Discrimination*

Kelly's disability discrimination claim against UPS is dismissed because she fails to allege any facts showing disability discrimination occurred. To state a disability discrimination claim, Kelly must show that she is disabled, she was qualified to perform the essential functions of her job with or without a reasonable accommodation, and that she suffered an adverse employment action because of her disability. *See Alexander v. Eastern Tank Serv., Inc.*, 505 S.W.3d 239, 245 (Ark. Ct. App. 2016). This claim is dismissed because Kelly does not allege any facts showing that she suffers from a disability or that she suffered an adverse employment action due to her disability. Although Kelly argues that she pled her job qualifications, chronic disability, repeated requests for accommodations, and UPS's failure to provide such accommodations, those allegations are not in the complaint. *See* Resp. Defs.' Mot. J. Pl. ¶ 10, Doc. No. 28 ("Kelly Resp."); Compl. ¶¶ 1, 5, 30, 33, 35, 37, 54, 59 and 60.

*3. Outrage*

Kelly's outrage claim against UPS is dismissed because Kelly failed to state an outrage claim against Hardy. *See Kidd v. Townsley*, No. 4:12-CV-4105, 2013 WL 4805670, at *4 (W.D. Ark. Sept. 9, 2013) (vicarious liability of an employer requires an underlying tort by an employee).

*4. Statute of Limitations*

All of Kelly's claims of sex discrimination against UPS, other than her allegations of unequal pay, are time-barred. *See* Ark. Code Ann § 16-123-107(c)(4) (discrimination claims

4

must be brought within one year after the alleged discrimination occurred, or within ninety days after receiving a right to sue letter from the EEOC). Further, because Kelly filed her complaint on July 5, 2024, she may not support her retaliation claim with any of Hardy's conduct occurring before July 5, 2021. *See Smith v. ConAgra Foods Inc.*, 431 S.W.3d 200, 204 (Ark. 2013) (retaliation claims under the ACRA have a three-year statute of limitations). Therefore, Hardy's response to Kelly's 2016 and 2019 complaints may not be considered.

Kelly argues that her past EEOC charges may not be considered and that the continuous violation doctrine makes her claims timely. *See* Kelly Resp. ¶¶ 3 and 13. While these arguments are well-taken, Kelly's past EEOC charges may be considered. *See Blakley v. Schlumberger Tech. Corp.*, 648 F. 3d 921, 931 (8th Cir. 2011) (district court did not err by considering plaintiff's EEOC charge in ruling on defendant's motion to dismiss because the charge was a public record). Further, the continuous violation doctrine does not make Kelly's expired claims timely because it does not apply to the discrete acts she alleges. *See Taxi Connection v. Dakota, Minnesota & Eastern R.R. Corp.*, 513 F.3d 823, 825 (8th Cir. 2008) (the continuing violation doctrine does not apply to discrete acts); *High v. Univ. of Minn.*, 236 F.3d 909, 909 (8th Cir. 2000) (continuing violation doctrine does not apply to failure to promote); *Moses v. Dassault Falcon Jet-Wilmington Corp.*, 894 F.3d 911, 920 (8th Cir. 2018) (continuing violation doctrine does not apply to termination).

5. *Sex Discrimination*

UPS's motion for judgment on the pleadings is denied on Kelly's sex discrimination claim. ACRA claims are analyzed in the same manner as Title VII claims. *Bell v. Baptist*

*Health*, 60 F.4th 1198, 1203 (8th Cir. 2000). Under Title VII, an employment discrimination claim requires allegations that Kelly is a member of a protected class, was qualified for her job, suffered an adverse employment action, and the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). At the pleading stage, plaintiffs are not required to plead facts related to each element of a prima facie discrimination claim—the claim must merely be plausible. *See Swierkiewicz v Sorema N.A.*, 534 U.S. 506, 511 (2002).

Kelly provides enough factual context to permit a reasonable inference that UPS is liable for sex discrimination. Kelly is a woman, she alleges that she was qualified for the job, and she claims that she suffered an adverse employment action when "she faced significant pay disparities, earning over 12 dollars less per hour than male colleagues with less seniority." Compl. ¶ 35. This pay disparity was implemented in close proximity to numerous other issues Kelly alleges she encountered at UPS on the basis of her sex. *Id*. ¶¶ 33–39. This is enough to overcome dismissal.

### 6. Retaliation

UPS's motion for judgment on the pleadings is denied on Kelly's retaliation claim. A retaliation claim requires Kelly to show that she engaged in statutorily protected conduct, suffered an adverse employment action, and that there was a causal connection between the two. *Wilson v. Ark. Dep't of Human Servs.*, 850 F.3d 368, 372 (8th Cir. 2017). Kelly filed numerous EEOC charges and workplace complaints alleging sex discrimination before she was reinstated in March, 2023. After she was reinstated, she was paid less than her male

colleagues, was overburdened with time-consuming deliveries, and was constantly surveilled and micro-managed, despite her good performance. Compl. ¶¶ 35, 36–39. This is sufficient to state a claim of retaliation.

While UPS's argument is well-taken, Kelly's retaliation claim is not preempted by the National Labor Relations Act (NLRA) because it does not hinge solely on her filing of union grievances. It is noted, however, that Kelly may not rely on those union grievances to support her claim of retaliation. *See San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236, 244 (states may not regulate activity that the NLRA protects, prohibits, or arguably protects or prohibits); *Local 36, Sheet Metal Workers Inter. Ass'n, AFL-CIO v. T.J. Kirkwood and Son, Inc.*, 911 F. Supp. 1197, 1209 (E.D. Mo. 1996) (NLRA protects, or at least "arguably" protects, the filing of union grievances); *Platt v. Jack Cooper Transport, Co.*, 959 F.2d 91, 95 (8th Cir. 1992) (unsuccessful relief sought through the grievance process is "highly relevant" in preemption analysis).

*7. Preemption by the Labor Management Relations Act*

UPS argues that Kelly's sex discrimination and retaliation claims are preempted by the Labor Management Relations Act (LMRA) because seniority, pay progression, job classifications, and route assignments are addressed in UPS's collective bargaining agreement. *See* Br. Supp. Defs.' Mot. J. Pl. at 19–23, Doc. No. 25. While UPS's position is noted, its motion to dismiss is denied because the LMRA preempts a state law claim only if it "involve[s] interpretation or application of a collective bargaining agreement (CBA)." *Taggart v. Trans World Airlines, Inc.*, 40 F.3d 269, 272 (8th Cir. 1994); *see also Boldt v. N.*

*States Power Co.*, 904 F.3d 586, 592 (8th Cir. 2018) (plaintiff's claim preempted when he could not show discrimination without proving he was qualified under a proper interpretation of the fitness for duty provision of his employer's CBA); *Gore v. Trans World Airlines*, 210 F.3d 944, 950 (8th Cir. 2000) (plaintiff's claim preempted when proving the elements of his tort claim required arguing the meaning of standards and duties outlined in the CBA).

Kelly's claims require no analysis as to whether she was entitled to higher wages, seniority, particular delivery routes, or less supervision under any specific CBA provision. Rather, Kelly merely points to seniority status, pay rates, delivery routes, and supervisory roles to support an inference of discrimination and retaliation. Such a reference does not require preemption by the LMRA. *See Gore v. Trans World Airlines*, 210 F.3d 944, 949 (8th Cir. 2000) (a mere need to reference or consult a collective bargaining agreement does not require preemption by the LMRA).

### 8. Mediation Settlement Agreement

Kelly rightly argues that the mediation settlement agreement provided by UPS cannot be considered at this stage because it not a pleading, a matter of public record, or "necessarily embraced" by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999). It should be noted, however, that Kelly only conceded her right to bring federal, and not state discrimination claims, in the settlement agreement. *See* Br. Supp. Defs.' Mot. J. Pl., Ex. 4, Mediation Settlement Agreement.

### 9. Goins Class Action

Kelly's participation in the *Goins* class action lawsuit does not bar her claims because

it appears she was dismissed from that case without prejudice. *See id.*, Ex. 7, Goins Dismissal at 3:13–21; 20:13–19; 28:20–23. While the California court did not specify whether Kelly's dismissal for failure to exhaust administrative remedies was with or without prejudice, the Ninth Circuit generally considers them to be without prejudice. *See City of Oakland, Cal. v. Hotels.com LP,* 572 F.3d 958, 962 (9th Cir. 2009).

## IV. CONCLUSION

For these reasons, Hardy's motion for judgment on the pleadings [Doc. No. 26] is granted; and UPS's motion for judgment on the pleadings [Doc. No. 24] is granted on Kelly's age discrimination, disability discrimination, and outrage claims, and denied on her sex discrimination and retaliation claims.

IT IS SO ORDERED this 2nd day of October, 2025.

*[signature: Brian S. Miller]*
UNITED STATES DISTRICT JUDGE